1

FILED
IN CLERKS OFFICE

2022 FEB 28  PM 2: 00

U.S. DISTRICT COURT

To,


Honorable judge Mark J Wolf,

Current Case: 1:21-CR-10157-MLW

Prior case: 1:20-CR-00089-JJM


       Request the court to please request the government to produce waiver of **D.O.J PETITE POLICY** document or dismiss this indictment in violation of department of justice petite policy.


With all due respect, I would request the court to please request government to produce the waiver document of department of justice internal petite policy for successive prosecution. If they unable to produce the waiver request the government to dismiss my indictment in violation of petite policy. As it bars successive prosecution on same act, acts or transaction. Since the begging I was told I am cooperating in Rhode Island case and everything was related to that case. As this law says here Rhode Island was a serving tool for Boston indictment and Boston indictment should be dismissed in violation of petite policy.

As mention in case law, in violation of the government policy against multiple prosecution of the same act (the so- called petite policy based on petite v. united states, 361 U.S. 529. As happened in my case Rhode Island government tried to charge me with new indictment or wanted to indict me on new charges. Which were believed to be dismiss as a part of my plea in Rhode Island. After I finished my sentence in Rhode Island they brought these charges which I was threaten and harassed by both prosecutors if I don't cooperate they will increase the charges or indict me during entire pretrial negotiation. When I was told I will not be indicted if I plea out on information then only I pleaded guilty on information in Rhode Island court and prosecutor provided me indictment waiver. And now I am facing a successive prosecution which should be barred as it says in petite policy. In United States v. cockrell, 353f. sup.2d 776 (5th circuit) mention petite case trail counsel had represented to the district court that the government had decided vigorously to prosecute the federal charges in spite of prior state prosecution. When in fact the federal prosecution had not been authorized as required by the petite policy. In United States v. cockrell, 353f. sup.2d 776 (5th circuit) 18-jan -2005 federal government charged defendant with gun charge which were found with his drugs in his state case investigation. During his state charges federal government requested to drop the gun charges as they desired to charge cockrell in federal court for the same gun which was found during his drugs sale investigation. Later on when government requested federal trial judge to dismiss the indictment judge denied to dismiss, afterwards appellate court granted

government motion and denied district court request. Informed district court judge to dismiss the indictment with immediate effect. It's very much identical to my situation and my indictment in current case should be dismissed as all these charges were found during rhode island case investigation. United States v. cockrell, 353f. sup.2d 776 (5th circuit) Similarly in rinaldi v. united states, 434 u.s. 22 trail court and appeal court denied to dismiss the indictment, afterwards supreme court ordered trail court to dismiss federal indictment for the violation of their policy. He was sentenced to concurrent terms of five years' imprisonment on the conspiracy to commit robbery and grand larceny counts and a consecutive term of one year's imprisonment on the weapons count. On the basis of his state conviction federal court violated petite policy by prosecuting him in federal court. In instant case happened almost identical i was sentenced in Rhode Island and after i finished my sentence i am charged in Boston current indictment was part of Rhode Island investigation and was agreed upon to be dropped if i plea on information. Government here clearly violated their Owen policy. Also it happened in united staes v. holstrom, 246 f. supp. 2d 1101 after state court aquintal federal charges them on same act got dismissed by the government. In instant case, after my sentenced got reduced boston federal court followed successive dual prosecution which should be dismiss with prejudice. Also if government follow this case freedberg v. united states dep't of justice, 703 f. sup. 107 Supreme Court disapproved 4 federal prosecutors from 4 different federal states to restrained and enjoined from causing and permitting indictment to be returned against plaintiff, or either of them in more then one federal district with in the United States. Kumar was charged with two federal district in violation of Supreme Court decision in freedberg case.

   I request the COURT to please allow the government to provide me with internal petite policy waiver or dismiss my indictment following United States v. cockrell, 353f. sup.2d 776 (5th circuit) petite v. United States, 361 U.S. 529 rinaldi v. United States, 434 u.s. 22.

DATE:- 2/22/2022

MANISH KUMAR