**Motion to dismiss the indictment on the following grounds.**

1) **Double jeopardy dual sovereignty doctrine for sham prosecution.**

2) **Vindictive Prosecution**

3) **Pre indictment delay in violation of Fifth Amendment**

## Dismissal on Double jeopardy dual sovereignty doctrine for sham prosecution.

I was charged in Rhode Island federal court on august 25 2019 before my arraignment then Counsel Joan Daley informed me to sign proffer and start cooperating with government in order to get lenient sentence as she told me I was facing up to 80 years of jail time I did what was told to me by Boston government agents in reference to Rhode Island case investigation they took my consent to search my phones and laptop after searching my devices they were aware about all of my information and everything that was available in my phones and laptop. Secondly they asked me to text Robert Polanco and trap him in illegal activities during my meetings with federal agents in Boston court whatever they asked me to text him I did while texting him they found my past conversation with him regarding prescription medicine while my meeting with them on September 13 2019. Which makes me believe by then investigators were aware about all these information in Boston indictment while they were investigating Rhode Island case. They did not bring these charges in Rhode Island and at one point of time Rhode Island prosecutor showed his desire to indict me (Exhibit 1) if I do not co-operate with authorities and if I don't agree to sign plea deal given to me by prosecutor all of this communicated to me via my lawyer. I decline to cooperate after my last meeting 2-27-2020 and also decline to sign plea deal and opted for an open plea. I kept my innocence and waited for indictment since February till November 2020 after my last co-operation meeting. Later on I came to know prosecutor agreed for me to plea on information and told me they will not indictment me gave me an indictment waiver. I was sure they will not bring no further charges then only after the assurance they will not bring no indictment I pleaded guilty on information.

    Now they are bringing all of these charges in Boston federal court which were known by Rhode Island prosecutor and they tried to indict me on these charges in Rhode Island then they dropped the idea if I plea on information. Now bringing them in Boston is merely a "sham and cover" for a previous prosecution, this prosecution violates the Double Jeopardy Clause. It shows Boston prosecution is merely a tool of the Rhode island prosecution in violation of **_Bartkus v. Illinois_, 359 U.S. 121, 3 L. Ed. 2d 684 _United States_ v. _Wheeler_, 435 U. S. 313, 320, 98 S. Ct. 1079, 55 L. Ed. 2d 303**. If two entities derive their power to punish from independent sources, then they may bring successive prosecutions. Conversely, if those entities draw their power from the same ultimate source, then they may not. In instant case Boston government is using all the evidence and work done in Rhode Island investigation there is no separate investigation in Boston case and as it says in Bartkus if those entities draw their power from the same ultimate source, then they may not bring the successive prosecution. In instant case Boston federal agents were the same ultimate source since day 1 of my arrest in Rhode Island case till today Boston federal investigators were the only agents on both cases Vivian barrios and Catherine Broomfield were investigating Rhode Island case and held 7 meetings with me in reference to Rhode Island case investigation. Now same agent requested for my arrest warrant in instant case same agent wrote the information on the basis of judge issued arrest warrant for me was signed and written by Vivian Barrios she was aware about all of these information during Rhode Island case investigation. All the investigation reports were submitted to R.I prosecutor once that case was finished it was passed on to Boston prosecutor kris basil when they saw my sentence got reduced in an act of prejudice. <u>79 SCT 666, 3 LED2D 729, 359 US 187 ABBATE v UNITED</u> As in a separate opinion, Brennan, J., pointed out that the double jeopardy prohibition bars successive federal prosecutions of the same person for the same acts even though the

prosecutions are brought under federal statutes protecting different federal interest. Also **Criminal Law 37** says double jeopardy - federal prosecutions. Successive federal prosecutions of the same person based on the same acts are prohibited by the Fifth Amendment even though brought under federal statutes requiring different evidence and protecting different federal interests. In ***Palko v Connecticut, 302 US 319, 328, 82 L ed 288, 293, 58 S Ct 149.*** Repetitive harassment in such a manner goes to the heart of the Fifth Amendment protection. This protection cannot be thwarted either by the "same evidence" test or because the conduct offends different federal statutes protecting different federal interests. **The prime consideration is the protection of the accused from the harassment of successive prosecutions, and not the justification for or policy behind the statutes violated by the accused. If the same acts violate different federal statutes protecting separate federal interests those interests can be adequately protected at a single trial by the imposition of separate sentences for each statute violated.** The holding of the Court in Re Nielsen, 131 US 176, 33 L ed 118, 9 S Ct 672, establishes the governing principle. The defendant in that case, a Mormon with more than one wife, had been convicted of violating a congressional statute, applicable to the territory of Utah, which prohibited males from cohabiting with more than one woman. Subsequently he was prosecuted and convicted of adultery in violation of another congressional statute, the second prosecution being based on the same acts as the prior conviction. Despite the fact that it was necessary to prove a fact in the second prosecution not necessary for the first conviction, that the defendant was married to another woman, and that a different federal interest was protected by each statute, the Court held that the second prosecution unconstitutionally put the defendant twice in jeopardy for the same offense.

    As per my Rhode Island case (**P.S.R point 13**) it says I was operating a pharmaceutical company which sell prescription drugs and people who ordered drugs from my company I misused their credit card and tried extra billing on their credit card. Now in instant case they are charging me with the same act, of people placing their order for pharmaceutical with my company I delivered them without asking for their drugs prescription. 1st case they charge me for I misused their credit card second case they charged me I sent them prescription drugs without prescription. All of this act happens on one call when customer is calling to place an order with my company he is sharing his credit card details and my company was taking orders without asking for their valid prescription Both prosecutor (Milind shah and Kris Bassil) and federal investigators (Vivian Barrios and Catherine Broomfield) were aware about all of the information during my Rhode island case and not only they were aware, they also threatened me several times and I clearly told my counsel after my last meeting with federal investigator Vivian Barrios Catherine Broomfield and Boston prosecutor kriss basil on 27th February 2020, if they want to indict me they can indict me as I didn't like what they were asking me to entrap Robert Polanco. I never indulged in any wrongdoing with him since I know him so I don't wanted to be a part of their plan. Afterwards I was threatened over and over again since February 27th 2020 till November 5th 2020 when they allowed me to plea guilty waiving my indictment. Their threats stopped I was schedule to sentenced on February 11 2021 on my sentencing when honorable judge asked why Kumar intended loss is so less ($27000) prosecutor told they have been monitoring my activities for past year and they did not find anything else. Now in instant case they are bringing all the information they found and known by R.I prosecutor more than a year ago which makes us believe prosecutor was not true to court and hided all the information provided to him by the Boston federal investigator during my R.I case investigation. Also in instant case complaint federal agent mentioned I briefly cooperated. R.I prosecutor hided this information also from the court and acted in form of prejudice. Boston indictment should be dismissed in violation with double jeopardy dual sovereignty doctrine for sham prosecution exception in situations where one sovereign's prosecution serves as a tool for a second sovereign that previously prosecuted the defendant the sham prosecution exception provides that when sovereign A`s prosecution serves merely a as a cover and a tool for sovereign B such that sovereign A`s prosecution can be called that of sovereign B, the prosecution by sovereign A is barred if, it would be barred to sovereign B ***Bartkus v. Illinois.***

These are the following times when court should consider both prosecutor and investigators on this case were aware or knew about all of the information in this indictment while they were doing R.I case investigation by end of December 2020 or latest by February 2021.

1) On my conversation in R.I case with government informant and my co-defendant (Sahil Narang). He discussed about prescription drugs and I sent him the list regarding the same by then they were about the prescription drugs information (Exhibit 2).

2) In the discovery provided to me in reference to R.I case I transferred Richard Ferrier (R.F) credit card details to informant (Sahil Narang) Boston federal agent took Richard interview regarding his credit card details and he informed them he have bought several time prescription medication through overseas company after when agent asked does he have prescription he said he don't have prescription for those medication by then they have the knowledge about everything.

3) Before my arraignment in R.I case I met in court holding cell with Prosecutor Milind shah my then lawyer Joan daley and federal agents. In which Milind shah specifically told me he is more interested in knowing details about prescription drugs business and he asked me question regarding my pharmaceutical company after he said we will discuss further regarding this in other meeting.

4) In my interview on 9-3-2019 drafted by Vivian Barrios and Craig Graham on 9-12-2019. They showed me my phone in that whomsoever I have communicated and have texted me they went through all of them with me in details. It shows they went through my phone conversation and knew about all of the information there in my phone for example they showed my phone in which they were asking about my conversation with person Name Pury regarding oxy. Which make us believe they checked my devices and knew about the information by 9-3-2019.

5) They took my consent to search my devices on September 3 2019 in reference to R.I case and took all the details about all of my emails that consent paper was only valid for 45 days. So within 45 days from September 3 2019 whenever they check all of my devices federal investigator and prosecutor were aware about all the information they are bringing in this indictment.

6) In meeting with Boston federal agent Vivian Barrios and Catherine Broomfield on October 3, 2019 they asked me to communicate with Robert Polanco and convince Robert to receive some illegal funds while communicating with Robert Polanco they saw my complete conversation with him which means they saw conversation regarding prescription drugs they are mentioning in this indictment and mentioning Robert Polanco identity known to grand jury. All of this information was available to R.I prosecutor and Boston federal investigators after November 7, 2019 (Exhibit 3). They decided not to bring all of these information in R.I federal court.

7) In meeting with Boston federal agents Vivian Barrios and Catherine Broomfield on 27 February 2020 they are saying they showed my conversation with Robert Polanco regarding prescription drugs which means they already had excerpts of whatsapp conversation before. It is clear they had all these information they are stating in this indictment by the end of 2019.

All of the above mentioned points proves their knowledge about all of the information they are bringing in this indictment by the End on 2019 or by latest February 27, 2021 as they say in my current indictment they searched my devices on February 27, 2021 they threatened and harassed me over and over by stating if I don't do what they ask me to do then they will indict me.

In Instant case exception exists under *Bartkus v. Illinois*, 359 U.S. 121, 131-33, 79 S. Ct. 676, 3 L.Ed. 2d 684 (1959), in which one sovereign so thoroughly dominates or manipulates the prosecutorial machinery of another that the latter retains little or no volition in its own proceedings.

In an opinion in *United States v. Wheeler*, 435 U.S. 313, 320, 55 L. Ed. 2d 303, 98 S. Ct. 1079 (1978) if the same prosecutor simultaneously derives power from both a State and the federal government, then the whole underpinning of federalism is destroyed. The fact that the two sovereigns have essentially pooled their powers in one prosecutor strongly suggests to the court that in reality there are no longer two sovereigns at work. Instead, the pooling of prosecutorial power effectively creates one "super sovereign," i.e., a unitary government. Thus, a central government is actually at work here, not a federal government. *United States v. Belcher*, 762 F.Supp. 666 (W.D. Va. 1991) Second prosecution of Patrick is simply "a sham and a cover" for the first, unsuccessful prosecution of Patrick in a Virginia court. Since a second prosecution of Patrick in Virginia is forbidden by principles of collateral estoppel, likewise this prosecution is prohibited. In instant case R.I federal government didn't liked my sentence got reduced after my request to R.I judge, so they passed all the information they collected during my R.I investigation to Boston federal government. All these charges I believed I will not be charged once I plea and specifically after my indictment waiver. Exactly same happened in petite In Supreme Court decision in *Petite v. United States*, 361 U.S. 529, 4 L. Ed. 2d 490, 80 S. Ct. 450 (1960). There were *TWO FEDERAL PROSECUTION* in that case rather than a state and a federal. The first of these was in the Eastern District of Pennsylvania, where Petite was indicted and tried for making false statements to a United States agency and also for suborning perjury before the same agency. The defendant entered a plea of nolo contendere to the conspiracy charge and the government dismissed the suborning perjury indictment. After being sentenced on the nolo contendere, he was indicted in the United States District Court for Maryland for suborning the perjury of two witnesses at the same hearing. He sought dismissal of the indictment returned to the United States District Court for the District of Maryland, claiming that this prosecution was barred by double jeopardy. The motion was denied and the conviction was affirmed by the Court of Appeals for the Fourth Circuit.

The Supreme Court granted certiorari. In the Supreme Court, the government through the Attorney General filed a motion to vacate the judgment which had been entered in the District of Maryland. It did so on the ground that it had a general policy that **several offenses arising out of a single transaction should be alleged and tried together and should not form a basis for a multiple prosecution**; that this was a policy dictated by fairness to the defendant and efficient and orderly law enforcement. As a result of the government's motion, the Supreme Court remanded the cause to the Court of Appeals with directions to that court to vacate its judgment and to direct the district court to vacate its judgment and to dismiss the indictment.

R.I prosecutor declined to indict me on these same charges in R.I after I pleaded guilty finished my sentence. Now they indicted me on the same charges which R.I prosecutor declined to bring in R.I as happened in **petite** after he plea of nolo contendere to the conspiracy charge and the government dismissed the suborning perjury indictment he was then charged in Maryland which was vacated by Supreme Court. Request the court to please follow the petite and dismiss my indictment with prejudice.

Request the court to please follow what was done in *Petite v. United States* **the government through the Attorney General filed a motion to vacate the judgment which had been entered in the District of Maryland. It did so on the ground that it had a general policy that several offenses arising out of a single transaction should be alleged and tried together and should not form a basis for a multiple prosecution and dismiss instant indictment.**

## 2) Motion to dismiss the indictment on vindictive prosecution.

**Vindictive prosecution.**
After I was sentenced on February 11th 2021 for 44 Months I wrote a letter to my sentencing judge John J McConnell to request to rectify my sentence and also I sent one letter to R.I prosecutor Milind shah regarding the same request to correct my sentence. Afterwards In a conversation with my then counsel Mellissa Larsson in the month of March 2021 from Michigan B.O.P she informed me she spoke with R.I prosecutor in reference to my letter to rectify my sentence he told her that 44 Month sentence is my correct sentence and also told her tell me to be quite and do my time otherwise they will give me more charges. By God willing honorable judge John J McConnell agreed with my issue and reduced my sentence which is told by lawyers it is very rare and I am lucky that my sentence got reduced in such way or else It always have to go through appeal to reduce any given sentence. Then I felt lucky for a month and after when I received my Boston case I thought I made a mistake to request the judge to reduce my sentence. This is the prime example of prosecutorial vindictiveness where a prosecutor charging decision was a direct and unjustifiable penalty that resulted solely from the defendant exercise of a protected legal right. As mentioned what I did most likely was not liked by the prosecutor and they decided to retaliate on me by this act of vindictiveness. I exercised my right by writing a letter to judge to reduce my sentenced and after judge acknowledged my issue and reduced my sentence they gave this new case in retaliation of my reduced sentence.
***United States v. Tobin*, 598 F. Supp. 2d 125, 129 (D. Me. 2009)** In Tobin court dismissed the second indictment for vindictive prosecution reasoning Prosecutors has all the knowledge about the charges during his first case investigation. Tobin first case sentenced got vacated by appeal court. District court reasoned second indictment was the reason of Tobin vacated his first case. Also, in instant INDICTMENT government cite concern about venue for COUNT 3 U.S.S.C 1001(a)(1) as judge in Tobin explained that "venue has been upheld in districts other than that in which the statement was initially made." See ***United States v. Salinas, 373 F.3d 161, 166-67 (1st Cir. 2004); United States v. Ringer, 300 F.3d 788, 790-92 (7th Cir. 2002)***. Furthermore, this explanation does not address the critical issue of timing. Concerns about venue might justify the government's decision not to bring false statements charges in New Hampshire; they do not justify the decision to bring false statements charges in Maine only after Tobin's successful appeal in New Hampshire. There is only one difference in Tobin and instant case Tobin appealed formally to appeal court and I wrote a letter to judge to reduce my sentence in a non-formal (procedural right). My reason for that first day of my arrival in UNITED STATES OF AMERICA on August 25, 2019 I was arrested since then I am in jail finished one case now facing another I have no family here and I am unaware of American legal judiciary proceedings. I requested my then counsel Melissa Larsson to appeal my sentence she declined my request and also I called my previous attorney kensley barrett he never answered and never returned to my calls and letters till this date. I did not know how to proceed so I decided and wrote a letter to prosecutor and also to my R.I sentencing Judge. Finally my sentence got reduced which is not liked by both prosecutors and Boston federal agents. So in retaliation I received this new indictment which is the outcome of my reduced sentence. I request the court to please dismiss instant indictment following **Tobin with prejudice.**

In current indictment they were bringing all the charges which were known to them latest by feburary27, 2021. As it says In **_United States v. Groves, 571 F.2d 450, 453 (9th Cir. 1978). COURT OF APPEALS FOR THE NINTH CIRCUIT, February 15, 1978_**. The fact remains that the government forgot about the marihuana case against the appellant in January of 1976 and did not resurrect it until after the appellant had exercised his statutory right to get the cocaine charges dismissed. In urging that the new charges were based upon the appellant's failure to cooperate, the government ignores the fact that the appellant took the same position in January of 1976 as he took in October of 1976 [when the marihuana indictment was filed]. Moreover, the government knew all of the facts relating to the marihuana charge on the same day that the cocaine complaint was filed. The record is utterly devoid of any evidence that the government relied upon any promise of the appellant after January of 1976. The conclusion is inescapable on this record that the government brought the marihuana charge in retaliation for the appellant's exercise of his statutory rights on the cocaine charge. After groves exercised his statutory right to get the cocaine charges dismissed. Government brought marihuana case against the groves, which until groves cocaine charges dismissed. This retaliation by the government to bring marihuana charges gave presumption of vindictiveness and court dismissed the case and appeal court affirm trail court decision. If we take this case and compare with my case I did the same when government was unhappy with my co-operation and wanted more cooperation which I denied. By then they had all of information which they are bringing in this indictment they ignored as happens in groves. Now after my sentence got reduced they bringing this new charges which were known to them during R.I case gives arise to presumption of vindictiveness. Also **_United States v. DeMarco_**, **_550 F.2d 1224_** (CA9 1977) The court in the demarco was indicted in the District of Columbia in connection with his activities relating to preparation of former President Nixon's income tax returns. The defendant moved to change the venue to the district of his residence in California. The motion was granted. The district court found that after the motions were granted, the prosecutor told defendant's counsel that the government was considering filing a motion for reconsideration and that if the case was transferred to California, the government would consider more counts against the defendant. The defendant insisted on his venue rights and the case was transferred to California. Shortly thereafter, the government obtained a second indictment in California which added a new charge, albeit based upon essentially the same facts as the initial indictment. In **_DeMarco_**, the government argued that **_Blackledge v. Perry_**, **_417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098 (1974)_** was to be distinguished because the first and second indictments were not based on identical facts. The court rejected this argument there too and emphasized that "the factual nucleus of both indictments was the same." It also noted that "even if the first and second indictments were not based on facts that were so similar that a trial on one would have prevented trial on the other upon double jeopardy grounds, that situation would not distinguish this case from _Blackledge._

    Court clearly found the prosecutor act was vindictive as prosecutor's were aware about the charges and after their warning demarco followed his right to have trail in his own federal court and after his case was transferred. Prosecutor purposefully charged him with second indictment later on which got dismissed on the defendant claim of vindictive prosecution. In instant case like R.I prosecutor informed my counsel Mellissa if kumar will not sit quite he will bring more charges also in past I was threaten by both prosecutor's Milind and kriss (Exhibit 1 and 5) (both prosecutors talking about potential charges to indict me) then they dropped the idea and allowed me to plea on information. This new indictment is the outcome of I wrote a letter to judge to reduce my sentence. I was threaten about the indictment after I denied to cooperate, I was threaten about the indictment when I decline to sign a plea offer and I was threatened about the new charges when I wrote a letter to prosecutor Milind. If I would have been indicted in the same Rhode Island federal court I would be raising the same claims and bringing these issues to R.I court and there would be due process claims after accepting my plea and giving me new indictment. That's why I believe both prosecutors agreed upon to charge me in Boston so that they can have a tactical advantage over me and when I bring any motion they will claim everything is separate and ask judge to treat this case as a completely new. Wherein this prosecution is the act of their animus and their misconduct towards me. Like court dismissed second indictment on vindictive prosecution claim in **_United States v. Tobin_**, **_598 F. Supp. 2d 125, 129 (D. Me. 2009) United States v. DeMarco_**, **_550 F.2d_**

**1224** I pray court to please follow **demarco** and **Tobin** to dismiss this indictment with prejudice as prosecutors were aware about all these charges before even I pleaded guilty in R.I case. *United States v. Rosenthal, No. CR 02-0053, 2007 U.S. Dist. LEXIS 17794, 2007 WL 801647,*

Rosenthal moves to dismiss these new charges or the ground that the circumstances of this case give rise to a presumption of vindictiveness and the government has not produced evidence which dispels that presumption same happened in *United States v. Cady, 955 F. Supp. 164, 167.*Instant indictment should be dismissed as in this case government act of bringing charging against me is presumed to be vindictive when i asserted procedural right to reduce my sentence and wrote letter to judge and both prosecutor collaborated and indicted me on new charges in new federal district court which were known to them before I pleaded guilty in R.I case. *In United States v. Johnson, 1998 U.S. Dist. LEXIS 18858.* The court granted defendant's motion to dismiss the indictment as vindictive prosecution. The court found that it was perfectly apparent that when defendant was indicted on the RICO and RICO conspiracy charges, the government had at its disposal all the evidence necessary to have indicted him on the instant gun possession charges. Accordingly, the court ordered that the indictment be dismissed. Instant indictment should be dismissed as R.I government had at its disposal all the evidence necessary to have indicted me in R.I but declined after my reduced sentence they brought the same charges in Boston.
I request the court to please dismiss current indictment in violation of vindictive prosecution with prejudice.

### 3) Motion to dismiss the indictment on Pre indictment delay due process Fifth Amendment violation.

(1) I was prejudice by the government R.I prosecutor (Milind shah) by not telling the truth to court and to the sentencing judge. He did not inform the court as done by government prosecutor in *Baldwin v. United States, 2019 U.S. Dist. LEXIS 182288* Baldwin case prosecutor went in detail to inform the court what could happen in future to save Baldwin suffer any form of prejudice. Due to Milind shah Misconduct and he being prejudice not following what prosecutors have followed in Baldwin case they tried to reach a global resolution to avoid successive prosecutions. I have to suffer prejudice and face two successive federal prosecution which could have been resolved or avoided if Milind would have been true to his duties and true to the court. In *Blackledge v. Perry, 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098 (1974)* (It also noted that "even if the first and second indictments were not based on facts that were so similar that a trial on one would have prevented trial on the other upon double jeopardy grounds).

(2) R.I prosecutor acted in form of prejudice by waiving my indictment when he was aware about all of the investigative work done by Boston federal investigators all this in reference to R.I case after having knowledge about all the information he showed his desired to indict me in R.I in an email to my counsel (Exhibit 4). Because of him being prejudice towards me he decided to waive my indictment allowed me to do an open plea and if he don't get his desired sentence he ask from court he can pass all the information to Boston government and they can charge me in Boston in a new case which could have been resolved in R.I itself and because of him being prejudice and his Misconduct I have to come from I.C.E detention to

face a successive federal prosecution and I have already spent 10 extra months in pretrial incarceration all because of government prejudice and hatred towards me.

(3) Government did not like my reduced sentence in R.I court in retaliation and acted in form of Prejudice they brought this new indictment to make sure I will get maximum jail exposure.

(4) Government made sure I will not get the opportunity to run my sentence concurrent and I will get maximum jail exposure by bringing this successive prosecution after I finished my first case sentence.

(5) Government made sure I will not get the opportunity to combine both cases together and resolve both cases at once by bring this indictment in this fashion which shows them being prejudice and their misconducts towards me.

(6) **United states v. cabral, 475 F.2d 715** considered supreme court decision **In Smith v. Hooey, 393 U.S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575 (1969)** The Court noted that prejudice might result from the loss of the possibility of receiving "a sentence at least partially concurrent with the one [being served.]" In addition, the pendency of another charge might also cause an increase in the duration of the present imprisonment and a worsening of the conditions under which that sentence must be served. As to factor (ii), the Court recognized that a pending charge "can have fully as depressive an effect upon a prisoner as upon a person who is at large." *Id.* at 379. Finally, as to factor (iii), the difficulties one faces in preparing his defense are obvious. "Confined in a prison, perhaps far from the place where the offense covered by the outstanding charge allegedly took place, [one's] ability to confer with potential defense witnesses, or even to keep track of their whereabouts, is obviously impaired." *Id.* at 379-80.
I have suffered all of the prejudice mentioned in above decision because of both R.I and Massachusetts prosecutors misconduct and them being prejudice R.I prosecutor not honest to the court by hiding future charges not following **Baldwin v. United States, 2019 U.S. Dist. LEXIS 182288** And Boston prosecutor bringing indictment after I served my R.I case sentence. Because of prosecutor misconduct I have suffered substantial and exceptional prejudice.

(7) **United States v. Irizarry-Colon, 848 F.3d 61, 70-71 (1st Cir. 2017)** He was "forced . . . to deplete his financial resources" so that "his defense would be no match for [the government's] team of prosecutors, investigators and co-operators." Even assuming that this is the type of prejudice that could ground a due process claim, I have no support no active income my defense would be no match as government. In My first case my lawyer fee was paid by my then wife during my first case after 10 Months of my incarceration she decided to divorce me she was the only financial support for me after that I don't have capacity to hire a competent and good lawyer who can work as good as government. Court appointed lawyers have no interest in helping me. My first lawyer (John F Palmer) since beginning told me he will file the motions to get the best outcome and kept on prolonging and after 6 months he told me he talked to probation officer and my guideline should be Zero Months so it would be better for me to plea guilty rather then putting motions and wasting time I can go home sooner if I plea guilty as per him and he wanted me to Plea guilty for crimes I think I should not be guilty. After 6 months I got another lawyer he said he don't see any wrongdoings by the government in this case and he told me all these problems arise from your R.I case and he can't help me as he is assign for this case wherein he could have investigated and tried to bring the truth. Now I am facing substantial prejudice due to government charging me in this fashion I don't see any hope any support from no one With respect to intentional delay for tactical reasons, 1

circuit court has indicated that such delay violates the Due Process Clause when it is the product of "'bad faith' reasons." impose the burden of defending oneself in back-to-back trials, see ***United States v. Ramos-Gonzalez, 775 F.3d 483, 491 (1st Cir. 2015)***, may not be.

**Government intentionally delayed indictment to gain a tactical advantage.**

(1) During my co-operation with government Boston Federal agents they made me text Robert Polanco and entrap him in an illegal activities now in instant indictment they are using him and my previous text messages with him to prove the conspiracy (Point 31) of information by Vivian barrios, First I don't have any contact with him neither anyone else in last 30 months I have been incarcerated. Government is intestinally bring this indictment in this fashion after my co-operation so that I can't prove what Polanco was asking me to do it was his idea and I was located in India after that text we had a phone conversation and he explained and give me assurance that he will talk to his CPA about all the legal aspects and will get back to me and we were not going to do anything illegal after that conversation we never discussed anything about the text messages. His testimony would have proved my intent that we were not planning to do anything illegal. Now I missed on this after I entrapped him in illegal activities which myself know what I was doing on government instruction was completely illegal and agents were making me do this entrapment to achieve a conviction for Robert Polanco. Now in no sense he will testify anything that will in any way benefits me after my act towards him. Hence government clearly here have a tactical advantage by first making me a bad person in front of Polanco now they are using him against me.

(2) In my defense in current case I would have asked my partners to provide all the documents related to our company agreements with shipping company B in this charged indictment now I have no contacts with any of them during my incarceration my wife used to talk to them and they helped me to pay some of my attorney fee in first case and I used to talk to them through my wife now after my wife divorced me I lost all my financial and legal ability to defend myself. In the agreement company B stated that they have the license to ship all the medications and they can't ship any other medication which they don't have license which are illegal by the country specific laws (India & Singapore) and once we take the customer order we transfer all the liability to the shipping company B to dispense the medication to customers door step. We did not need to ask for anything neither have to provide anything to the shipping company as described by the company B, So that's why we never asked for prescription from the customers because as per India law it is not illegal to take orders from overseas customers and we were just doing that following what was lawful as per Indian law and transferring all the shipping liability to the shipping company we have no knowledge about how shipping company operates and what is the legal aspect in terms of shipping medicine to customers doorstep. Our work for taking customers' orders was 100% legal as per Indian laws. Now government is accusing me for something I did not take no participation in any illegal activities we were operating as per Indian laws and we never wanted to do anything illegal. I would have bring my partners and shipping company to testify what we were doing was not illegal. I request the court to please consider after 4-6 months in jail people relationship starts to deteriorate from defendant in jail I am an immigrant I could have proof my innocence by making these people testify for me. Now in no sense I can't get hold of these people and I am in a different country everybody forgot about me like my Ex-wife. By bringing this indictment in this fashion government knows I can't get no more anyone to testify for me and clearly they have a huge tactical advantage.

(3) With respect to intentional delay for tactical reasons, first circuit court has indicated that such delay violates the Due Process Clause when it is the product of "'bad faith' reasons." impose the burden of defending oneself in back-to-back trials, see <u>United States v. Ramos-Gonzalez, 775 F.3d 483, 491 (1st Cir. 2015)</u> I believe government delayed to bring this indictment was intentional and because of their animus first they made me plea guilty in R.I case in which **(P.S.R POINT 13)** says **(defendant had obtained credit card information through his online business that sold prescription pharmaceuticals)**. It means I already pleaded guilty of the business selling prescription pharmaceutical. Now in instant indictment they are saying what I have already pleaded guilty. If i try to dispute that government will again charge me for perjury because they will I say I pleaded guilty in R.I case and if I defend Boston case means I am contradicting my plea in R.I. government by making me plea guilty in R.I itself has a tactical advantage Request the court to please follow see <u>United States v. Ramos-Gonzalez, 775 F.3d 483, 491</u> and dismiss instant indictment with prejudice

(4) Also First Circuit stated in dictum that "there may be instances when prosecutorial delay will be sufficiently egregious to support a due process violation even absent tactical purpose." **<u>United States v. Ramos-Gonzalez, 775 F.3d 483, 491</u>**

**Request the court to please dismiss instant indictment in violation of pre indictment delay in violation of Fifth Amendment with prejudice**

Respectfully submitting

Manish Kumar

Date: 2/22/2022